UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE BOWER,                          Case No.: 21-11331
                    Plaintiff,
v.                                       Paul D. Borman
                                         United States District Judge
HEATHER HAYS &
SUE BIDWELL,                             Curtis Ivy, Jr.
                    Defendants.          United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT (ECF Nos. 18, 22)**

## I.    PROCEDURAL HISTORY

Plaintiff Clarence Bower, representing himself, filed this civil rights matter

on May 10, 2021, against two Michigan Department of Corrections ("MDOC")

employees, Heather Hays and Sue Bidwell.  (ECF No. 1).  Plaintiff alleges that

defendants violated his Eighth Amendment rights by delaying or refusing

emergency dental treatment.

On April 1, 2022, Defendant Hays moved for summary judgment arguing

that Plaintiff failed to exhaust his administrative remedies before filing this

lawsuit.  (ECF No. 18).  Three days later Defendant Bidwell filed her motion for

summary judgment, raising the same arguments as Hays.  (ECF No. 22).  Plaintiff

responded to the defendants' motions for summary judgment (ECF No. 24) and the

defendants replied (ECF Nos. 25, 26).  This case was referred to the undersigned

for all pretrial matters on March 1, 2022.

For the reasons stated below, the undersigned **RECOMMENDS** that the

motions for summary judgment be **GRANTED**.

## II.    BACKGROUND

### A. Complaint Allegations

At the time of the alleged incidents, Plaintiff was housed at the Cooper

Street Correctional Facility ("JCS"), where the two defendants worked.  Defendant

Hays was the Chief Dental Officer at JCS and Defendant Bidwell was the Dental

Assistant.  (ECF No. 1, PageID.2).  Plaintiff did not provide dates relative to the

occurrences in his complaint.  In her motion for summary judgment, Defendant

Hays surmises that the alleged conduct occurred between January 2020 and

January 2021, except that from March-July 2020 she was on furlough because of

the COVID-19 state of emergency.  (ECF No. 18, PageID.64).

Plaintiff alleges that he "repeatedly complained" to Hays and Bidwell that he

was in pain from a decayed tooth.  The Defendants did not see him immediately

and told him they were under executive orders not to take on any dental cases

except for emergencies.  They told him to purchase pain medication from the

prison store, but prisoners could only order items twice a month.  Eventually the

tooth became infected with pus oozing out of it.  He was finally treated after the tooth cracked.  (ECF No. 1, PageID.2-3).

Plaintiff alleges the Defendants' delays in treating him violated his Eighth Amendment right to be free from cruel and unusual punishment.

### B. Instant Motions for Summary Judgment

Both Defendants argue that this case should be dismissed for Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act. Specifically, they assert that Plaintiff did not file any grievances against them through all three steps of MDOC's grievance process.  Attached to both motions is the affidavit of Carolyn Nelson, an MDOC Departmental Analyst who certifies that the MDOC Prisoner Step III Grievance Report (also attached) is a true and accurate report generated for Plaintiff.  (ECF No. 18, PageID.72; ECF No. 22-2, PageID.121).  This report tracks all prisoner grievances filed at Step III which were responded to at Step III.  Plaintiff's Step III grievance report reflects that the prison did not receive a Step III grievance from Plaintiff.  (ECF No. 18, PageID.73; ECF No. 22-3, PageID.122).  Hays also attached two forms signed by Plaintiff certifying that he refused a teeth cleaning in March 2020 and an extraction in September 2020.  (ECF No. 18, PageID.75-76).

In response, Plaintiff argued that he did file a grievance through all three steps.  In addition, because he did not receive a response at Step II, he filed a

petition with the State Ombudsman about the issue.  (ECF No. 24, PageID.126).

He asserts it would have been illogical for him to file a grievance through the first

two steps but not file an appeal at the third and final step.  (*Id.* at PageID.127).

Attached to his response is a Step I grievance and Step II appeal with responses.

(*Id.* at PageID.130-33).  Also attached is a letter addressed to Plaintiff dated

September 30, 2020, from the Legislative Corrections Ombudsman,

acknowledging receipt of his compliant and notifying Plaintiff that the complaint is

pending investigation.  (*Id.* at PageID.134).

## III.   DISCUSSION

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome under governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the

evidence, all facts, and any inferences that may be drawn from the facts in the light

most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins.*

*Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing

if a party "fails to properly address another party's assertion of fact," then the court

may "consider the fact undisputed for purposes of the motion").  "Once the moving

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an

affirmative showing with proper evidence in order to defeat the motion."

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro.

Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The

nonmovant must, however, do more than simply show that there is some

metaphysical doubt as to the material facts, there must be evidence upon which a

reasonable jury could return a verdict in favor of the non-moving party to create a

genuine dispute.") (internal quotation marks and citation omitted).  In other words,

summary judgment is appropriate when "a motion for summary judgment is

properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case. . . ."  *Stansberry*,

651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56.

Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of

substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

B.    Exhaustion under the PLRA

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted the provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively

preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203-04 (2007).  Put another way, the purpose of § 1997e(a) is to "reduce the quantity and improve the quality of prisoner suits[.]"  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citation omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones*, 549 U.S. at 211.  The prison's grievance process determines when a prisoner has properly exhausted his or her claim.  *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court."  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The prisoner "may not exhaust administrative remedies during the pendency of the federal suit."  *Id.* (citations omitted); *see also Woodford*, 548 U.S. at 95 ("A

prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. . . .").  That said, "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim."  *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017).

Finally, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  *Jones*, 549 U.S. at 216.  Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA.  *Id.*  As a result, defendants bear the burden of proof on exhaustion.  *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

C.    Grievance Procedures at MDOC

Pursuant to Policy Directive 03.02.130, dated March 18, 2019, the administrative remedies available at the MDOC are as follows.  First, the inmate must attempt to resolve issues with the staff member involved within two business days of learning of a grievable issue.   (ECF 22-2, PageID.115, at ¶ Q).  If the issues are not resolved within five business days, the inmate may file a Step I grievance using the appropriate form.  (*Id.* at PageID.116, ¶ W).  If the inmate is

dissatisfied with the Step I disposition, or does not receive a response by ten

business days after the due date, he or she may file a Step II grievance using the

appropriate form.  (*Id.* at PageID.117, ¶ DD).  Similarly, if the inmate is

dissatisfied with the Step II response or does not receive a response by ten business

days after the due date, the inmate may file a Step III grievance.  (*Id.* at

PageID.118, ¶ HH).  The matter is fully exhausted after the disposition of the Step

III grievance.  *Surles*, 678 F.3d at 455 ("A grievant must undertake all steps of the

MDOC process for his grievance to be considered fully exhausted.").

     D.   <u>Analysis</u>

     To fully exhaust a claim, a prisoner Plaintiff must take his grievance through

all three steps of MDOC's grievance procedure, or else make a showing that he

was thwarted from doing so.  Here, the evidence shows that Plaintiff did not take a

grievance to Step III.  He does not argue that he was prevented from doing so.  He

also does not argue that the MDOC Grievance Report is inaccurate.  Instead, he

insists it would "defy logic" for him to file a grievance through Step II and not file

an appeal at Step III.  Neither the Court nor the jury can credit his unsworn

statement in his brief that it would have been illogical for him not to.  His

contention invites the Court to make a credibility determination—that Plaintiff is

more credible than the MDOC Grievance Report.  Such determinations are

impermissible at this stage. *Youkhanna v. City of Sterling Heights*, 934 F.3d 508,

515 (6th Cir. 2019) ("When deciding a motion for summary judgment, we do not engage in 'jury functions' such as making credibility determinations and weighing the evidence.  If there remain any material factual disagreements as to a particular legal claim, that claim must be submitted to a jury") (internal citation omitted).

Because there is no cause to question the veracity of the Grievance Report, the Court (and the jury) must accept that Plaintiff did not file a Step III grievance.

Plaintiff appears to insist that his complaint to the Legislative Corrections Ombudsman qualifies as exhaustion of administrative remedies.  It does not.  As explained above, an MDOC prisoner exhausts administrative remedies by following the PLRA, which directs the prisoner to follow MDOC grievance policy. That policy does not allow for an ombudsman complaint to stand in for the three-step grievance process.  (*See* ECF No. 22-2, MDOC Policy Directive 03.02.130).

Because the evidence shows that Plaintiff did not take a grievance through all three steps of the grievance process, he did not properly exhaust administrative remedies on his claims against Hays and Bidwell.  Defendants' motions for summary judgment should be granted.

## IV.  RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' motions for summary judgment (ECF Nos. 18, 22) be **GRANTED** at the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must precisely recite the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 5, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 5, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850