UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE BOWER, | Case No. 2:21-cv-11331 |
| Plaintiff, | Paul D. Borman<br>United States District Judge |
| v. | |
| HEATHER HAYS &<br>SUE BIDWELL, | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants.<br>_____/ | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE IVY'S OCTOBER 5, 2022 REPORT
AND RECOMMENDATION (ECF No. 29) TO GRANT DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 22)**

**Procedural History**

On October 5, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") on Defendants Heather Hays and Sue Bidwell's Motions for Summary Judgment (ECF Nos. 18, 22). (ECF No. 29.) The R&R recommends that the Court grant the Motions and dismiss this case. (ECF No. 29, PageID 167.)

Plaintiff Clarence Bower, proceeding *pro se*, filed Objections to the R&R on October 25, 2022 (ECF No. 30), and Hays filed a Response to those Objections on November 3, 2022 (ECF No. 31).

1

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72(b), the Court will review "de novo any part of the [R&R] that has been properly objected to." *See also* 28 U.S.C. § 636(c) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

But "[t]he objections must be clear enough to enable the [Court] to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Accordingly, "[t]he parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted); *see also United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." (emphasis added)). And "bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Alford v. Butler*, No. 18-cv-10466, 2019 WL 2723670, at *1 (E.D. Mich. July 1, 2019) (internal quotation marks and citation omitted).

## Rulings

**Objection 1**

For his first Objection, Bower writes: "Attached this Honorable court will find a copy of the Step-I, II and III Grievances so filed of which he have previously sent two copies to Defendant's Lawyers which attest to same." (ECF No. 30, PageID 170.) He attaches Grievance Appeal Forms (ECF No. 30, PageID 171–72), receipts of "Legal Postage" mailings labelled with this case's number (ECF No. 30, PageID 173–77), another mailing receipt that is mostly illegible but is marked as "Legal Postage" for a "New Case" (ECF No. 30, PageID 178), and a letter to the Court in which Bower reiterates his position that he "Did File All 3 Grievances [and] Sent Them To Ombusdsman" (ECF No. 30, Page ID 179–81).

Hays responds that Bower "filed the grievance forms but no proof that the Step III form was filed appropriately with MDOC," "does not dispute the [accuracy of the] Grievance Report" that "reflects that the prison did not receive a Step III grievance from" Bower and on which the R&R relied (ECF No. 29, PageID 160, 166–67), and "does not argue that MDOC prevented him from filing the Step III grievance." (ECF No. 31, PageID 185.) She adds that "[a] non-moving party cannot defeat a properly supported motion for summary judgment by 'simply arguing that it relies solely or in part upon credibility determinations.'" (ECF No. 31, PageID

3

185) (citing *Fogerty v. MGM Grp. Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004)).

The Court **OVERRULES** this Objection because it "merely restates the arguments [and re-attaches the evidence] previously presented [to Judge Ivy and] does not sufficiently identify alleged errors on the part of [Judge Ivy]." *Austin v. Thompson*, No. 14-12610, 2016 WL 125624, at *1 (E.D. Mich. Jan. 12, 2016); *compare* (ECF No. 24, PageID 126–27, 132), *with* (ECF No. 30, PageID 170, 172); *see also Bialo v. Comm'r of Soc. Sec.*, No. 20-10671, 2021 WL 4350534, at *1 (E.D. Mich. Sept. 24, 2021) ("Plaintiff [] repeats many of the same arguments he made before the Magistrate Judge. . . . [S]uch objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." (internal quotation marks omitted)).

The Court notes that Bower has produced a Step II Grievance form and Response on which he has written a reason for a Step III appeal. (ECF No. 24, PageID 132; ECF No. 30, PageID 172.) But Bower has not produced any evidence that he ever properly *submitted* a Step III grievance, such as a Step III grievance number, an MDOC response to or certificate of receipt of a Step III grievance, or even a sworn affidavit testifying to such a submission. *Cf. Alexander v. Calzetta*, No. 16-cv-13293, 2019 WL 1011106, at *5 (E.D. Mich. Mar. 4, 2019) ("[T]he fact that a prisoner has a goldenrod copy in their possession is not proof that it was

submitted."); *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 454 (2d Cir. 2022) ("[T]he form bears no markings indicating that it was ever received by a Jail officer, much less received by any specific date."). Therefore, the Court agrees with Judge Ivy's determination that Bower has not shown "cause to question the veracity of the Grievance Report" and so has not refuted Defendants' claims to summary judgment on the basis of his failing to exhaust his administrative remedies. (ECF No. 29, PageID 166); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. . . . [A] nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment.").

**Objection 2**

For his second Objection, Bower writes:

> Within the controlling Grievance Policy Directives states that: If one is dissatisfied with the step-I disposition, or does not receive a response by ten business days after the due date, he or she may file a step II grievance using the appropriate form (Id at pg.ID 117, DD). Similarly, if the inmate is dissatisfied with the Step-II response or does not receive a response by ten business days after the date, the inmate may file a step-III grievance (Id at PAGE ID 118 HH). It is then totally exhausted

after the disposition of the step-III grievance." Surles, 678 F 3d at 445 ("A

(ECF No. 30, PageID 170.) The Objection cuts off as reflected here.

Hays responds that this Objection "is a mere recitation of the language found in the Michigan Department of Corrections Grievance Policy Directives," along with the beginning of "a citation to *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012), a case cited by [Judge Ivy] for the proposition, 'A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.'" (ECF No. 31, PageID 185.)

The Court **OVERRULES** this Objection because it is not "clear enough to enable the [Court] to discern those issues that are dispositive and contentious," *Miller*, 50 F.3d at 380, and makes no "effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome," *Alford*, 2019 WL 2723670, at *1. In other words, it does not explain what in the R&R Bower is objecting to and why.

6

## Conclusion

For the reasons stated above, the Court **OVERRULES** Bower's Objections to the R&R (ECF No. 30), **ADOPTS** the R&R (ECF No. 29) in full, and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 18, 22). Accordingly, this case is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: December 20, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge